### RUTH C. JALBERT
*vs.*
### DONALD C. JALBERT

Superior Court  Fairfield County  File No. 64590

MEMORANDUM FILED SEPTEMBER 24, 1942.

*Lavery & Lavery,* of Bridgeport, for the Plaintiff.

*Friedman & Friedman,* of Bridgeport, for the Defendant.

Preliminary memorandum of decision in action for divorce.

McEVOY, J. In the above-entitled action the plaintiff-petitioner filed her action for divorce and embodied in the complaint prayers for relief. The defendant husband filed a pleading containing admissions and denials but made no affirmative claim for relief in his favor nor did he file any cross-petition. .

The evidence clearly discloses that the petitioner has not sustained the burden of proof which the law imposes upon her.

It also appears that the petitioner is not a proper person to have or retain the custody of the minor child, who is an infant of tender years.

The difficulty which presents itself, in the way of final judgment in this action, is this: may the court, in the absence of a cross-petition or a specific claim, duly filed on behalf of or by the defendant, for affirmative relief, grant affirmative relief?

It is true that section 5186 of the General Statutes, Revision of 1930, provides that: "In any controversy before the superior court between husband and wife as to the custody of minor children of the marriage, the court may assign the custody of any of such children to either parent according to its best judgment upon the facts of the case...."

It should be observed that this section begins with the words "in any controversy."

A controversy involves issues raised by the pleadings. The only issue which seems to be raised by the present pleading is the question of committing the custody of the minor child to the petitioning plaintiff.

In *Morrill vs. Morrill*, 83 Conn. 479, at page 484, the pertinency of the present section to the matter involved is discussed at length.

The gist of that opinion seems to be that that statute conferred no additional power upon the court but that it was in confirmation of the inherent power.

It should also be observed that, in the *Morrill* case, while the defendant in that case filed no petition for affirmative relief on his part, nevertheless the matter was subsequently referred to a referee and his report contains the statement that the parties agreed that the custody be awarded to the petitioning plaintiff. Whether that "agreement" not based upon the pleadings was sufficient, *per se,* to form a basis for a decree or judgment need not be decided in the instant case since there is no such agreement.

Subsequently an ancillary action was brought to the Superior Court and to that action the then respondent (the plaintiff-petitioner, in the original action) filed various dilatory pleas including motions to expunge and a demurrer and other pleadings.

After the filing and hearing upon these various pleas and motions the court, Gager, J., in its memorandum of decision on motion to expunge used these words: "I cannot see why the respondent is not entitled to make an affirmative defense. It does not by any means follow of necessity that the custody ultimately must be awarded to one of the two parties now before the Court. Ordinarily of course that would be the case; but the issue, to wit: the welfare of the children, conceivably may require the appointment of a third person; so that the two parties having set up their case as they now have, have laid the foundation, so far as their pleadings are concerned, for relief in their favor respectively. It will be for the Court to determine from the standpoint of the children whether either is entitled to succeed, or that custody should be committed to a third person." Supreme Court Records & Briefs, 1st District, March Term, 1910, May Term, 1910.

It should be observed that sufficient reference is made, in this memorandum of decision, to the pleadings which were filed and which were said to entitle them to relief in their favor *respectively*.

This would seem to emphasize the difficulty in the present proceeding in that the pleadings form no basis for affirmative relief in behalf of the defendant.

Under these circumstances no judgment will be entered at this time because it would seem that if judgment were entered dismissing the petition of the plaintiff-petitioner, the question might be raised as to whether there remained a sufficient basis for amendment of defendant's pleading or a basis for subsequent court action upon the present case.

If the parties desire to amend or alter these pleadings so as to form such a basis then that motion will be entertained if and when made.